

U.S. Department of Justice

Antitrust Division

---

*RFK Main Justice Building*

*950 Pennsylvania Avenue, N.W.*
*Washington, D.C. 20530-0001*

November 6, 2024

**BY ELECTRONIC FILING**

Hon. Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

    Re:   *Teradata Corp. v. SAP SE*, No. 23-16065

    The United States of America writes to advise the Court of *FTC v. Tapestry, Inc.*, No. 1:24-cv-03109-JLR, 2024 WL 4647809 (S.D.N.Y. Nov. 1, 2024), a recent decision addressing the use of non-price data in aggregate diversion ratio (ADR) analysis. *See* Fed. R. App. P. 28(j). As we explained in our amicus brief and at oral argument, ADR analysis is a well-accepted methodology for defining relevant markets in antitrust cases. *See* DOJ-FTC Amicus Br. 25-28. Contrary to the district court's suggestion, ADR analysis does not require actual pricing data—a variety of types of evidence, including certain non-price data, can be used to estimate the aggregate diversion ratio (or recapture rate).[1] *See id.* at 28-32.

    *Tapestry* illustrates these points. There, the Federal Trade Commission's expert performed an ADR analysis using data from a survey that asked consumers what other brands they considered before purchasing a particular brand of handbag. *Tapestry*, 2024 WL 4647809, at *27. The court held that the Commission had properly defined a relevant market based this analysis. *Id.* at *34.

---

[1] The aggregate diversion ratio is the percentage of customers who leave a product because of a price increase who select another product in the proposed relevant market. *See* DOJ-FTC Amicus Br. 26-27.



U.S. Department of Justice

Antitrust Division

---

      The court rejected the defendants' argument that the analysis was unreliable because "the survey questions do not directly ask what a consumer would do in the event of a price increase and therefore do not measure diversion." *Id.* at *30. The court explained that "[e]conomists regularly estimate diversion ratios using non-price-response data, and courts use such analyses to assess mergers." *Id.* at *31. The court stated that "the questions relied on by [the FTC's expert] are sufficiently indicative of diversion because they elicited the consumer's next best option." *Id.* at *30. The court summarized that even if ideal data "is unavailable or difficult to obtain, as long as available data are sufficient for a reasonable judgment on the market issue, defendants should not prevail simply on a claim that other data might indicate a different and more favorable result." *Id.* at *33 (cleaned up).

      Respectfully submitted.

      /s/ Patrick M. Kuhlmann

      U.S. DEPARTMENT OF JUSTICE
      ANTITRUST DIVISION
      950 Pennsylvania Ave., N.W.
      Room 3232
      Washington, D.C. 20530-0001
      (202) 305-4639
      patrick.kuhlmann@usdoj.gov

*Counsel for the United States*

cc:    All Counsel of Record (by ECF notice)